STATE OF WEST VIRGINIA

*In re*: **J.E.**

**No. 17-0686** (Barbour County 16-JA-80)

**FILED**

**December 1, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, G.E., by counsel Aaron P. Yoho, appeals the Circuit Court of Barbour County's July 3, 2017, order terminating his parental rights to J.E.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary S. Nelson, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights and in not transporting him to the dispositional hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2016, the DHHR filed an abuse and neglect petition against petitioner alleging that he abused and neglected the child by perpetrating domestic violence against the mother in the child's presence. The DHHR alleged that petitioner hit the mother repeatedly, grabbed her throat, and held a knife to her throat while threatening to kill her. The petition also alleged that petitioner's substance abuse and criminal behaviors resulted in neglect and emotional abuse to the child.

Prior to the preliminary hearing held on October 28, 2016, petitioner met with his attorney at the courthouse. However, when the hearing commenced, petitioner could not be found and was absent from the hearing without explanation to his counsel.

In February of 2017, the circuit court held an adjudicatory hearing at which petitioner stipulated to the allegations set forth in the abuse and neglect petition. Petitioner admitted to his

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

history of drug abuse since age twelve, and to his continued abuse of substances, including methamphetamine. He also admitted to abusing drugs in the home when the child was present. Petitioner was adjudicated as an abusing parent and moved for a post-adjudicatory improvement period. However, he asked that his motion be held in abeyance due to his incarceration upon charges of manufacturing methamphetamine. The circuit court denied the motion in the order following adjudication. According to the DHHR, petitioner was subsequently released from incarceration, but was reincarcerated after he absconded from community corrections supervision.

In June of 2017, the circuit court held a dispositional hearing. Petitioner was represented by counsel, but petitioner was not transported from the regional jail to the hearing based upon the circuit court's concerns that petitioner might abscond and due to a threat petitioner posted on social media aimed at law enforcement. According to the DHHR, petitioner failed to comply with the proceedings, aside from attending one hearing and one Multi-Disciplinary Team ("MDT") meeting, by phone. Based upon petitioner's overall lack of effort to correct the conditions for which he was adjudicated, the circuit court found no reasonable likelihood that petitioner could correct the conditions of abuse and neglect and found termination of petitioner's parental rights to be in the best interests of the child. Ultimately, the circuit court terminated petitioner's parental rights in its July 3, 2017, order.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in denying him a lesser alternative than the termination of his parental rights. He asserts that the main cause of his abuse and neglect was

---

[2]The mother's parental rights are still intact, pending her completion of her post-adjudicatory improvement period. According to the guardian and the DHHR, the concurrent permanency plan is adoption.

his addiction to controlled substances, which led to severe mood swings and violence toward the mother. He also asserts that his drug addiction caused him to fail to report to community corrections supervisors and to adequately participate in that program. We do not find this argument compelling.

Here, it is clear that there was no reasonable likelihood that petitioner could have substantially corrected the conditions of abuse or neglect in the near future. Petitioner presents no argument that he has done anything throughout the course of the proceedings to attempt to correct the conditions of abuse and neglect. He blames the abuse and neglect on his substance abuse issues, but did not present any evidence in circuit court that he sought to remedy these issues. Further, petitioner failed to participate in the majority of the proceedings. Finally, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare.

West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

Further, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Therefore, we find no error in the circuit court's termination of petitioner's parental rights.

Next, petitioner argues that the circuit court denied him an opportunity to be heard at the dispositional hearing by not transporting him from the regional jail to the dispositional hearing. He asserts that he was denied the opportunity to respond to the allegations regarding the threatening social media posts and his inability to substantially participate in the community corrections program. However, "[w]hether an incarcerated parent may attend a dispositional hearing addressing the possible termination of his or her parental rights is a matter committed to the sound discretion of the circuit court." Syl. Pt. 10, *State ex rel. Jeanette H. v. Pancake*, 207 W.Va. 154, 529 S.E.2d 865, (2000).

Prior to the dispositional hearing, petitioner violated the rules of his community corrections program and absconded. He further made threats on social media aimed toward law enforcement. Petitioner was represented by counsel throughout the proceedings, and therefore, his due process rights were protected. In his brief, petitioner does not argue that, had he attended the dispositional hearing, the outcome would have been different. He also does not argue that he wished to testify regarding the termination of his parental rights, but instead argues that he wanted to testify regarding his social media posts and non-participation in his community corrections supervision. However, the circuit court's decision to terminate his parental rights was based upon petitioner's overall failure to correct the conditions of abuse and neglect upon which petitioner was adjudicated. Therefore, the circuit court did not abuse its discretion by not transporting him to the dispositional hearing.

Lastly, this Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 3, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  December 1, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker